## Youngs *against* Ball.

The last endorser of a negotiable note who pays the amount to the holder, may recover it in an action against any prior endorser, and that whether the note was passed from one endorser to the other in the course of business, or was endorsed by all for the accommodation of the maker. And the fact that the last endorser received part of the proceeds of the note when discounted, in payment of a debt due to him by the maker, will not change the relation and liabilities between the endorsers.

ERROR to the district court of *Erie* county.

Daniel Youngs against G. Johnston Ball. Writ of error by each party. The case is very fully stated in the opinion of the court.

*Babbitt* and *Dunlop*, for plaintiffs below.
*Walker*, for defendants.

The opinion of the court was delivered by

KENNEDY, J.—This action was brought in the court below by Youngs, as the endorsee of a negotiable note, made by A. C. Tuttle, for the payment of 750 dollars, to G. Johnston Ball, the defendant below, or order ninety days after the date thereof, being the 16th day of April, 1839, at the office of the Bank of the United States, at Erie, against Ball as the endorser of it. The note in suit, as it appears, was taken by the Bank of the United States at their office in Erie, where it was made payable in renewal of a note, of the same amount, made, endorsed and discounted there ninety days previously for the benefit and accommodation of the same maker. The first note was made payable to Johnston Laird, or order, and endorsed first by him, and then severally in the following order, by Jehu Dillon, G. Johnston Ball, Daniel Youngs and William W. Tuttle. The proceeds of it, upon being discounted by the bank, were placed to the credit of the maker upon the check of Wm. W. Tuttle, the last endorser. Out of these proceeds, A. C. Tuttle, the maker, paid off and took up a note in the bank against himself as maker, which he had given to Daniel Youngs, the plaintiff below, for a debt of 375 dollars, which he owed him, and which he told Youngs, when the latter endorsed the first note of 750 dollars, he intended to pay and take up with part of the proceeds thereof, when discounted. Johnston Laird, the payee, in the first note of 750 dollars, was left out of the note of renewal, which is the note in suit here, and G. Johnston Ball, the defendant below, became the payee and first endorser thereof: after which it was severally endorsed by Jehu Dillon, Daniel Youngs, the plaintiff below,

[Youngs v. Ball.]

and William W. Tuttle.  Upon the trial of the cause, in the court below, the defendant claimed that 375 dollars of the 750 dollar note, were actually discounted for the benefit of the plaintiff, and therefore, he could not, upon any principle of justice, recover from him, the defendant, any portion of that sum.  And as to the remaining 375 dollars of the note, which he admitted was discounted for the benefit of the maker, A. C. Tuttle, he contended that the endorsers, having become such, gratuitously, for the accommodation of the maker, without having received any consideration therefor, were to be regarded, notwithstanding they had endorsed severally and consecutively, in the light of joint sureties for him; and consequently, in the event of his having become insolvent, were only bound each to contribute his equal proportion, in order to meet the loss arising therefrom.  And hence, the plaintiff was not entitled to recover in this action, at most, more than the one fourth of the 375 dollars, which went to the use of the maker.

The plaintiff, on the other hand, claiming that the whole amount of the note was discounted, and received exclusively by the maker for his own benefit and accommodation, as the evidence clearly proved; and that he, as a subsequent endorser to the defendant on the note, having paid the same to the bank after it fell due, was entitled to recover the amount so paid by him with interest thereon from the defendant.  The court below, however, conceiving, because the plaintiff was paid by the maker of the note, the debt of 375 dollars, owing, by the latter, to him, out of the proceeds of the note when first discounted, that so much of it, therefore, ought to be considered as having been discounted for his accommodation, rather than that of the maker, and accordingly instructed the jury that the plaintiff could not recover any portion of that sum from the defendant.  But for the residue, or other half of the amount of the note, the court instructed the jury that the plaintiff was to be taken, as having endorsed it upon the credit of each and every one whose name was on it, either as maker or endorser, previously to his becoming an endorser of it: and this being the case, he was, therefore, entitled to recover from them, or any one of them, the full amount of such residue, with interest thereon from the time he paid it.  To this instruction of the court, thus delivered to the jury, both of the parties excepted; and each has brought the cause here upon his writ of error.  The plaintiff below alleges in his writ of error, that the court erred in not instructing the jury that he was entitled to recover from the defendant there, the whole amount of the note with interest thereon, from the time he paid it to the bank.  And the defendant below, in his writ of error, complains that the court erred in not directing the jury, that he was only liable to pay, at most, to the plaintiff, one-fourth of 375 dollars, with the interest thereon, which was all, as he alleges, that was discounted of the note for the benefit of the maker.

As to the writ of error purchased by the defendant below, we

[Youngs v. Ball.]

are clearly of opinion that he has no ground for sustaining it. The circumstance of the note having been drawn and endorsed for the accommodation of the maker exclusively, does not affect the liability of a prior endorser to a subsequent one, who has been obliged to pay it, or make his liability in the least degree different from what it would be in the case of a note of business, or one given by the maker to the payee for a valuable consideration, and so passed by each endorser to the next in the usual course of business for a like consideration. In the case of an accommodation note, the payee, who is the first endorser, is considered as having lent his name to the maker on the credit of the latter alone; the second endorser as having lent his name upon the credit of the maker and the prior endorser; and so every subsequent endorser, as having lent his name upon the credit of those who had become parties to the note before him. Consequently, after the maker has passed the note away and raised the money upon it, a subsequent endorser, who pays it to the holder at maturity, when called on for that purpose, after it has been presented to the maker, and payment thereof demanded of him, without obtaining it, becomes entitled to maintain an action thereon against all the parties to it, who have been duly notified by him of the presentment to, and non-payment by the maker, whose names are to it, and who became parties thereto *previously* to himself. The form and character of the instrument being mercantile, the usage and understanding among merchants in regard to such, must be resorted to in order to ascertain and regulate the respective liabilities of the parties to the same, which appears to be the same, whether the note be founded upon a real transaction of business or given merely for the exclusive accommodation of the maker to enable him to raise money. In the writ of error, therefore, taken out by the defendant below, the judgment is affirmed. But the court below, as we conceive, erred in their instruction to the jury against the plaintiff below. For from the evidence, it is perfectly clear that the note was discounted exclusively for the benefit of the maker of the note. And whether he got it discounted for the purpose of raising money to pay debts previously created by him, or for making new purchases was wholly immaterial. Nor would it make any difference to those, whose names were on the note prior to that of the plaintiff below, whether the maker appropriated the money arising from the discounting of the note to payment of a debt owing by him to the plaintiff, or to any other person, whose name was not on the note. From any thing that was shown on the trial, the particular use that the maker of the note intended to make of the money when obtained, could have had no influence with the defendant in lending to the maker as he did his name and his credit. He must, from all that appears, be considered as having done so entirely upon the responsibility and credit of the maker. But the plaintiff as well as every other person, who endorsed the note

IX.—N

[Youngs v. Ball.]

snbsequently to the defendant, did so upon the credit and responsibility of the defendant as well as upon that of the maker of the note.  It is clear, therefore, that the defendant has made himself liable to reimburse the plaintiff the whole amount of the money paid by him to the bank, in discharge of his liability on the note, with interest thereon from the time he paid it.

Judgment reversed and a *venire facias de novo* awarded.