## Russ *v.* Sadler.

*Promissory notes—Accommodation endorser.*

In an action upon a promissory note by an indorser against prior indorsers where the plaintiff avers in his statement that he was an accommodation indorser, that the note was duly protested, and that on demand he paid the amount of the note to the holder, and these averments are not distinctly and specifically denied in the affidavit of defense, the plaintiff is entitled to recover unless there are other allegations in the affidavit sufficient to prevent recovery.

In the case of an accommodation note the payee who was the first indorser is considered as having lent his name to the maker on the credit of the latter alone; the second indorser as having lent his name upon the credit of the maker and the prior indorser, and so every subsequent indorser as having lent his name upon the credit of those who had become parties to the note before him.

In an action by an accommodation indorser against a prior indorser allegations that the proceeds of the note were applied with the plaintiff's knowledge to the construction and equipment of a railroad in which the plaintiff was interested, that the plaintiff joined with the defendants in raising money for the purpose of promoting the railroad, and paying its obligations, and that the plaintiff was indebted to the railroad company in an amount in excess of the note, are insufficient to prevent judgment.

In an action by an accommodation indorser against prior indorsers who are payees of the note, the plaintiff is entitled to judgment where the affidavit of defense does not aver that the plaintiff agreed or intended by his indorsement to become equally responsible with the defendants for the payment of the note to the holder. In the absence of such an averment it will be presumed that the plaintiff indorsed the note relying upon the credit of the prior indorsers.

In an action by an accommodation indorser against prior indorsers no presumption arises that the plaintiff and defendants were sureties for the repayment of the money secured on the note. If such in fact is the case, the facts showing it must be affirmatively set forth in the affidavit of defense.

In an action by an accommodation indorser against prior indorsers an allegation in the affidavit of defense that the plaintiff joined with the defendants in raising money for the purpose of promoting a railroad company and paying its obligations is not sufficient to impose on the plaintiff a primary liability for the repayment of the whole or a part of the note sued on.

In an action by an accommodation indorser against a prior indorser an averment in the affidavit of defense that the plaintiff was indebted to a railroad company in which all the parties are interested, and in whose interest the proceeds of the note had been used, is insufficient to prevent

judgment; and even if such an indebtedness were a proper subject of set-off, the affidavit is still insufficient in not alleging that the indebtedness was due at the time the suit was brought.

*Promissory note—Accommodation note—Parties—Joint action.*

Where a promissory note is made payable to several persons, and all of these persons indorse the note, and the note is then indorsed by an accommodation indorser, who subsequently is compelled to pay the note, the latter may bring a joint action against all the prior indorsers. MITCHELL J., dissents.

Argued April 24, 1900. Appeal, No 359, Jan. T., 1900, by defendants, from order of C. P. Cumberland Co., making absolute a rule for judgment for want of a sufficient affidavit of defense, in case of Patrick Russ v. W. F. Sadler, W. A. Coffey, H. G. Beetem, J. L. Kaufman and J. B. Kaufman. Before GREEN, C. J., MITCHELL, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Assumpsit by an accommodation indorser of a promissory note against prior indorsers. Before BIDDLE, P. J.

The note was as follows :

" $5,000. CARLISLE, Pa., Jan. 24, 1898.

" Thirty days after date I promise to pay to the order of W. F. Sadler, W. A. Coffey, H. G. Beetem, J. L. Kaufman, J. B. Kaufman, at the Commonwealth Guarantee, Trust and Safe Deposit Co., Harrisburg, Pa., $5,000, for value received, without defalcation.

" As collateral security for the payment of this note, and of any other indebtedness or liability on my part to the holder hereof, now incurred or hereafter so to be incurred, while such collaterals remain in their hands, I have deposited herewith $12,500, of bonds of the Greensburg & Mt. Pleasant St. Railway Co., Nos. 1 to 5 inclu. & Nos. 101–115 inclu. which I authorize the holder hereof or his assigns, upon the non-payment at maturity either of this note or of the indebtedness or liability aforesaid, to sell either at the Broker's Board or at public or private sale, without any previous demand on or notice to me and to apply the net proceeds, after deducting costs of sale, or so much thereof as may be required, to the payment of this note, and any such indebtedness or liability as aforesaid, or either of them, at his option, in full or partially, as such pro-

ceeds may suffice, holding me still responsible for any deficiency. And at any such sales aforesaid the holder thereof pledgee is expressly empowered to become the purchaser provided he shall be the highest bidder therefor, and all equities, rights and interests of the pledgor or pledgors in said collateral securities shall be divested thereby as fully as if such sales had been made to a bona fide purchaser other than a party hereto. Authority to sell the collaterals specified in this obligation applies with equal force to any which may be added thereto or substituted therefor. Furthermore, I agree, that so often as the market price of these and subsequently deposited securities shall, before maturity of this note fall to a price insufficient to cover its amount, with ten per cent margin added thereto, I will on demand, within twenty-four hours thereafter, deposit with the holder additional security to be approved by said holder, sufficient to cover said amount and margin; and that, in default thereof, this note shall become instantly due and payable precisely as though it had actually matured, and all the foregoing rights to sell and transfer collaterals shall at once be exercisable at my risk in case of any deficiency in realizing proceeds. Due Feb. 23.

" W. F. SADLER.

" Endorsed :
" W. F. SADLER.
" WM. A. COFFEY.
" H. G. BEETEM.
" J. L. KAUFMAN.
" JOHN B. KAUFMAN.
" PATRICK RUSS.

" Pay any Bank, Banker, Trust Co. or order. Endorsements guaranteed.
" W. STUART, Cashier.
" Farmers' Bank, Carlisle, Pa.

" The within note paid by and for the use of Patrick Russ, Apr. 24th, 1899.
" W. STUART, Cash.,
" Farmers' Bank, Carlisle."

The affidavit of defense was as follows :
That the money borrowed on the note in suit, and for which

the said note was given for the use of the Greensburg, Jeannette and Pittsburg Street Railway Company, and applied to the construction and equipment of the said street railway, is an indebtedness of the same, which fact was well known to the plaintiff at the time he became an indorser with the affiants on the said note.

That the said plaintiff was a director and officer of the said street railway company at the time said note was made. That at that time and previous thereto, he was the member of a syndicate composed of a number of gentlemen, who had united in the promotion and building of said street railway. That the said plaintiff has received from the said street railway $10,000 of its first mortgage bonds of the par value of $10,000 and 300 shares of its capital stock of the par value of $15,000. That he has only paid on the same the sum of $5,000 and that the affiants are advised, affirm and believe that he is a debtor to the said street railway company to a sum much larger than the amount of said note, at least the sum of $10,000.

That they are advised and believe that as the indebtedness created by said note was the indebtedness of the said street railway company, was borrowed for the purpose of promoting its interest and paying its obligations, and this being well known to the plaintiff, who joined with the defendants in this case in raising the money for that purpose, and the said plaintiff further being indebted to the said street railway company in a sum greater than said note, that he is not entitled to recover anything from the defendants in this case.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*John Hays*, with him *Sadler & Sadler*, for appellant.—The affidavit was sufficient: Slaymaker v. Gundacker's Exrs., 10 S. & R. 83 ; Coburn v. Wheelock, 34 N. Y. 440.

The plaintiff being equally bound with the other indorsers on the note would at most be entitled only to contribution from each of them for an aliquot part of the sum paid by him : Cowell v. Edwards, 2 B. & P. 268 ; Croft v. Moore, 9 Watts, 453 ; State v. Shinn, 42 N. J. Law Rep. 138.

The right and duty of contribution is founded in equity; it does not depend upon contract: Shackamaxon Bank v. Kinsler, 16 W. N. C. 509; Dering v. Earl of Winchelsea, 1 Leading Cases in Equity, *100; Kennedy v. Carpenter, 2 Wharton, 362; Wells v. Miller, 66 N. Y. 255; Camp v. Bostwick, 20 Ohio, 337; Rainey v. Yarborough, 2 Iredell's Equity (N. C.), 249; Allen v. Wood, 3 Iredell's Equity (N. C.), 386.

*C. S. Brinton* and *A. R. Rupley*, with them *John E. Fox*, for appellee.—The affidavit should state the facts specifically and with sufficient clearness to enable the court to say whether or not they amount to a defense: Superior Nat. Bank v. Stadelman, 153 Pa. 634.

A defendant cannot set off a debt due to any one but himself; set-off can be made only by and between the parties: Longafelt v. Bartsher, 3 P. & W. 492.

The affidavit was clearly insufficient: Young v. Ball, 9 Watts, 139; Mullen v. French, 9 Watts, 96; Kaufman v. Cooper Iron Mining Co., 105 Pa. 537; Noble v. Kreuzkamp, 111 Pa. 70; Superior Nat. Bank v. Stadelman, 153 Pa. 634; Clarke v. Allen, 132 Pa. 40; Zeigler v. McFarland, 147 Pa. 610; Griel v. Buckius, 114 Pa. 187; Foster v. Collner, 107 Pa. 305; Wolf v. Hostetter, 182 Pa. 294; Quigley v. DeHaas, 82 Pa. 267; Ulam v. Boyd, 87 Pa. 477.

Opinion by Mr. Justice Mestrezat, July 11, 1900:

By his promissory note of January 24, 1898, W. F. Sadler promised to pay in thirty days thereafter to the order of himself and the other defendants in this action $5,000 at the Commonwealth Guarantee, Trust & Safe Deposit Company of Harrisburg, Pa. The note was indorsed by the payees and by Patrick Russ, the plaintiff, and discounted by the Farmers' Bank of Carlisle, Pa. It was not paid at maturity and was duly protested and notice thereof given to the drawer and indorsers. On April 24, 1899, Patrick Russ paid the Farmers' Bank of Carlisle, the holder of the note, $5,353.81, the debt, interest and protest fees due thereon, and the note was delivered to him. He then instituted this suit against the defendants, as prior indorsers, to recover the amount he was obliged to pay on the note.

The affidavit of defense denies the right of the plaintiff to recover, and avers as a defense that (1) the money secured on the note was for the use, and is an indebtedness of, the Greensburg, Jeannette and Pittsburg Street Railway Company, and was applied to the construction and equipment of said railway, and plaintiff knew the fact when he became an indorser; (2) the plaintiff was a director and officer of said railway company when the note was made, and was a member of a syndicate to promote and build said railway, and is indebted to said railway company in a sum much larger than the amount of the note; and (3) the money for which the note was given was borrowed for the purpose of promoting the interests of said railway company and paying its obligations, which was well known to the plaintiff, "who joined with the defendants in this case in raising the money for that purpose."

The plaintiff took a rule on the defendants to show cause why judgment should not be entered against them for want of a sufficient affidavit of defense, and, the rule having been made absolute, the defendants took this appeal.

The plaintiff, in his statement, avers that he was an accommodation indorser, that the note was duly protested and that, on demand, he paid the amount of the note to the holder. Neither of these averments is distinctly and specifically denied in the affidavit of defense, and, hence, the plaintiff is entitled to recover what he paid the holder of the note unless the allegations in the affidavit are sufficient to prevent it.

This is an action by an indorsee against prior indorsers. The plaintiff's right to recover, therefore, on the note is clear unless there is something dehors the note that will avail the defendants. The defendants allege that the proceeds of the note were applied, with the plaintiff's knowledge, to the construction and equipment of the Greensburg, Jeannette & Pittsburg. Street Railway in which the plaintiff was interested. The use to which the money was applied, however, is of itself wholly immaterial as affecting the liability of defendants to the plaintiff on the note in suit and is no defense to this action: Youngs v. Ball, 9 Watts, 139. It is not averred in the affidavit of defense that the plaintiff agreed, or intended by his indorsement, to become equally responsible with the defendants for the payment of the note to the holder. Without an allegation to that

effect the presumption is, that he indorsed the note on the credit of the maker and prior indorsers, which would render them liable to him in the event he was compelled to pay the note. " In the case of an accommodation note," says Mr. Justice KENNEDY in Youngs v. Ball, supra, " the payee, who is the first indorser, is considered as having lent his name to the maker on the credit of the latter alone ; the second indorser as having lent his name upon the credit of the maker and the prior indorser; and so every subsequent indorser, as having lent his name upon the credit of those who had become parties to the note before him. Consequently, after the maker has passed the note away and raised the money upon it, a subsequent indorser, who pays it to the holder at maturity, when called on for that purpose, after it has been presented to the maker, and payment thereof demanded of him, without obtaining it, becomes entitled to maintain an action thereon against all the parties to it, who have been duly notified by him of the presentment to, and non-payment by the maker, whose names are to it, and who became parties thereto previously to himself."

The contention of the learned counsel for the defendants is that the plaintiff and defendants were sureties for the repayment of the money secured on the note, and that their liability was not that of an indorser. They further contend that the money " was a loan made by them (the indorsers) to be used by the street railway company in the welfare of which they were all interested, and all were equally bound to contribute to pay the note, if the indebtedness created thereby was not discharged by the corporation." If these allegations are facts, they should have been set up in the affidavit of defense. As they are not averred in the affidavit we, of course, cannot presume their existence or consider them, and it is idle to base an argument on them to support the sufficiency of the affidavit filed by the defendants. Slaymaker v. Gundacker's Exrs., 10 S. & R. 75, relied on by defendants, does not sustain their contention. In that case, the statement averred that the maker and indorsers of the note had mutually agreed to borrow the money and that each would pay his equal proportion of the note if the company failed to discharge the indebtedness. Here we have no such averment in the affidavit of defense and hence we cannot assume that the parties to this action entered into such an

agreement, or contemplated an equal liability among themselves.

The allegation in the affidavit that the plaintiff "joined with the defendants in raising the money for the purpose" of promoting the interests of the street railway company and paying its obligations is not sufficient to impose on plaintiff a primary liability for the repayment of the whole or a part of the note sued on. Concede it to be true as averred in the affidavit that he did join the defendants in securing the money for the purpose stated, it does not necessarily follow that he thereby consented to assume a primary responsibility for the money obtained on the note. His contract, as shown by his indorsement, is secondary, and without a distinct and positive averment in the affidavit to the contrary, we cannot infer that he intended to assume any other or different responsibility.

The contention that the defendants have the right to interpose as a defense in this action an indebtedness due the street railway company from the plaintiff has no merit whatever. The street railway company is not the defendant here and hence its claim against the plaintiff cannot be appropriated by the defendants and used as a set-off in this action. If the Street Railway Company should sue Patrick Russ for its claim it would be no defense for Russ to allege and prove that it had been used as a set-off in this action. But even if the alleged indebtedness were a proper subject of set-off here, the averment in the affidavit is insufficient in not alleging that the indebtedness was due at the time this suit was brought : Roig v. Tim, 103 Pa. 115.

The indorsement was joint and not separate and hence the action was properly brought against the defendants jointly : Foster v. Collner, 107 Pa. 305.

The affidavit of defense is clearly insufficient and the learned court below was right in entering judgment against the defendants.

The judgment is affirmed.

MITCHELL, J., dissents.