Commonwealth of Pennsylvania, Department of Public Welfare, Plaintiff *v.* Ludlow Clinical Laboratories, Inc., Leonard Edelman and Joseph C. Mogil, Defendants.

Argued December 4, 1975, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*Lawrence Silver,* Deputy Attorney General, with him *Robert P. Kane,* Attorney General, for plaintiff.

*Harold Gondelman,* with him *Ralph D. Tive, Philip Baskin,* and *Baskin, Boreman & Tive,* for defendants.

OPINION BY JUDGE ROGERS, January 12, 1976:

The Commonwealth of Pennsylvania, Department of Public Welfare, has filed a complaint in assumpsit and trespass against Ludlow Clinical Laboratories, Inc., Leonard Edelman and Joseph C. Mogil.

Count I of the Complaint, in assumpsit, alleges that the corporate defendant, of whom the individual defendants are officers, was approved by the United States Department of Health, Education and Welfare and by the Pennsylvania Department of Welfare to provide medical laboratory services for eligible recipients under Federal and State programs authorized by the Social Security Act; that as a participant in the State program the plaintiff was required to charge its customers, eligible recipients under the State program, the same amounts as it charged its private customers; that Ludlow overbilled the plaintiff $2,365,470.62 for services allegedly performed from February 1, 1973 to November 30, 1974; that the plaintiff holds unpaid invoices from Ludlow in the amount of $1,063,891.18 for the period August 15, 1974 through November 30, 1974; and that there is therefore due the plaintiff the sum of the difference, $1,301,579.44, for which judgment against Ludlow is demanded.

Count II of the Complaint, also in assumpsit, alleges that Ludlow by fraudulently altering age records submitted fraudulent invoices amounting to $43,263.50 for services to certain customers eligible for both Medicare and the State's Medical Assistance program to the plaintiff; that these invoices had been paid by the State; and that there is therefore due the plaintiff the sum of $43,263.50 for which judgment is demanded.

Counts III and IV, in trespass, allege that the individual defendants, with fraudulent intent, submitted the false and fraudulent invoices described in Counts I and II and demand judgment against them in the same amounts as claimed against Ludlow in Counts I and II.

The defendants have filed an Answer and New Matter, denying on behalf of Ludlow the irregularities alleged in Counts I and II of the Complaint and on behalf of the individual defendants the fraudulent conduct described in Counts III and IV. Under the heading New Matter the defendants claim to be owed the sum of $1,063,891.18 on the unpaid invoices held by the plaintiff, the sum of $323,394.50 on unpaid invoices for the period December 1, 1974 through January 10, 1975, and the sum of $34,630.88 for invoices submitted to the United States, but rejected. The defendants demand judgment against the Commonwealth in the sum of $1,421,916.56.

The Commonwealth, Department of Public Welfare, has filed preliminary objections to the defendants' Answer and New Matter, (1) raising a question of our jurisdiction to consider the defendants' claim; (2) a motion to strike for a defect in the verification of the Answer and New Matter and because the defendants' claim is not made under the heading "Counterclaim" as required by Rule of Civil Procedure 1031(a); and (3) a motion for a more specific pleading because of the alleged unintelligibility of a paragraph of the New Matter and because the defendants' pleading does not specify whether their claim is in the nature of a counterclaim, set off or recoupment.

The defendants have not, it is true, set forth their cause of action or claim for the sum of $1,421,916.56 under the heading "Counterclaim." It is clear, however, that they intend their claim to be so treated. Their Answer asserts that by suing them the Commonwealth has waived its sovereign immunity; they demand judgment in the full amount of their claim, which exceeds the Commonwealth's by some $77,000; their counsel at argument asserted that the defendants seek and hope to obtain a money judgment in this court.

The case of *Commonwealth v. Orsatti, Inc.*, 448 Pa. 72, 292 A.2d 313 (1972) is directly in point and controlling.

There the Commonwealth sued Orsatti in the Court of Common Pleas of Dauphin County alleging the breach of leases and seeking $15,183.19 in damages. Orsatti filed a complaint with the Board of Arbitration of Claims claiming the amount of $48,393.25 for asserted breaches by the Commonwealth of the same leases.[1] This complaint was dismissed as untimely filed. Orsatti then filed an Answer, New Matter and counterclaim to the Commonwealth's suit in common pleas. The counterclaim was identical to the claim filed and dismissed by the Board of Arbitration of Claims. The Commonwealth filed preliminary objections to Orsatti's New Matter and counterclaim. Rather than paraphrase the Supreme Court's holding, we provide the following extensive, but wholly pertinent, quotation from Justice O'BRIEN's opinion:

> "We come then to the question of whether the Commonwealth's preliminary objections to the counterclaim should have been sustained. The Commonwealth of Pennsylvania is a sovereign state, and as such is immune from suit unless it gives its consent. Conrad v. Commonwealth, 441 Pa. 530, 272 A.2d 470 (1971). Article I, Section 11 of the Pennsylvania Constitution empowers the Legislature to give the consent of the Commonwealth to suit by providing: 'Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.' The Legislature exercised this power by its enactment of the Act of May 20, 1937, P.L. 728, 72 P.S. §4651-1 et seq., which established the Board of Arbitration of Claims with: '... jurisdiction to hear and determine all claims against the Commonwealth arising from contracts hereafter entered into with the Commonwealth, where the amount in controversy amounts to $300.00 or more.'

---

1. Ludlow has filed a complaint in the Board of Arbitration of Claims, seeking judgment for the items described in their Answer and New Matter.

72 P.S. §4651-4. The jurisdiction conferred therein was exclusive. See Kaufman v. Holcomb, 357 Pa. 514, 55 A.2d 534 (1947). Since the Commonwealth, as a sovereign, can only be sued by its consent, and since its consent for contractual suits has been conditioned on the claimant's use of the Board of Arbitration of Claims, Orsatti may only establish the full counterclaim before the Board of Arbitration of Claims. Since the Board has already dismissed Orsatti's claim, for failure to comply with the time limits established by the Legislature in its conditional granting of consent to be sued, 72 P.S. §4651-6, and since the court does not have jurisdiction to consider the whole of appellant's counterclaim, the court was correct when it sustained the Commonwealth's preliminary objections on the theory of Commonwealth v. Berks County, supra. [364 Pa. 447, 72 A.2d 129 (1950)].

"Orsatti contends that when the defense of sovereign immunity is applied to defeat contracts made by a state, which are otherwise valid under the laws of that state, the defense impairs the obligation of contracts protected by both the state and federal constitutions (State Constitution, Art. I, §17, Federal Constitution, Art. I, §10). However, Orsatti was given a remedy to protect all of the rights under the contract, when the Legislature created the Board of Arbitration of Claims for just such a purpose. Having failed to pursue that remedy properly, Orsatti now asks us to protect him by abandoning the long-recognized doctrine that a sovereign state can condition its consent to be sued on the claimant's use of a particular forum, i.e., the Board of Arbitration of Claims. We decline to do so.

"As we said in Commonwealth v. Berks County, supra, at page 449: 'So far as Pennsylvania courts are concerned, it is only as the legislature may by law direct that suits may be brought against the Common-

wealth: Pennsylvania Constitution, Art. I, Sec. 11. Nor is the State's consent any less essential where it is sought to interpose a claim against the Commonwealth by way of a set-off or counterclaim to a suit by it: see Commonwealth v. Matlack, 4 Dallas *303; and In re Monongahela Rye Liquors, 141 F.2d 864, 869 (C.C.A. 3).'

"However, Orsatti must be allowed to amend the counterclaim to allege the same facts as a basis for a claim in recoupment as a defense to the Commonwealth's case. For, as we went on to say in Commonwealth v. Berks County, supra at pp. 449-50: 'Where, however, a State voluntarily submits to court jurisdiction by its institution of a suit, it at once renders available, as a defense to the adverse party, such of the latter's claims as have grown out of the transaction which gave rise to the sovereign's suit. "A defendant's right in such regard is one of recoupment": In re Monongahela Rye Liquors, supra, at p. 869. In Bull v. United States, 295 U.S. 247, 262, it was said that ". . . recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded." . . . And, while the right does not entitle the defendant to a certificate in its favor for the excess of its claim over the amount sued for by the Commonwealth, a general verdict for the defendant with respect to the sovereign's claim is sustainable: see Commonwealth v. Matlack, supra.' " 448 Pa. at 76-79, 292 A.2d at 315-317.

We are required, therefore, to sustain the plaintiff's preliminary objection raising a question of jurisdiction. Since the defendants must be given leave to file a new pleading responsive to the complaint, and will undoubtedly do so, we note that the plaintiff's preliminary objection in the nature of a motion to strike attacking the verification to the Answer and New Matter and its motion for a more specific pleading of the allegation of paragraph 27

of the defendants' Answer, although somewhat technical, have merit. The plaintiff's motion to strike paragraphs 29 through 32 of the Answer and New Matter because not denominated a counterclaim and its motion for a more specific statement of whether the defendant seeks recovery in the nature of a counterclaim, set off or recoupment are disposed of by our opinion—the defendants may not assert Ludlow's claims as counterclaims or by way of set off, and they may allege the same facts as contained in their Answer and New Matter as a basis for a claim in recoupment as a defense to the Commonwealth's case.

We therefore enter the following:

ORDER

AND NOW, this 12th day of January, 1976, the plaintiff's preliminary objection in the nature of a petition raising a question of jurisdiction is sustained and the defendants' Answer and New Matter are hereby dismissed, with leave to the defendants to file a new pleading consistent with this opinion within twenty (20) days after notice hereof.