419 A.2d 766

**Shirley Diane REEPING**

v.

**William James REEPING, Appellant.**

**Shirley Diane REEPING, Appellant,**

v.

**William James REEPING.**

Superior Court of Pennsylvania.

Argued Nov. 15, 1979.

Filed May 2, 1980.

William J. Reeping, in pro. per.

Joseph M. Loughren, Pittsburgh, for appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

PER CURIAM:

Appellant, Shirley Reeping contends that the lower court erred in awarding a portion of the fund which is the subject of the instant partition action to Dorothy Reeping because the latter is not a party to this action.[1] We agree and, accordingly, reverse in part the order of the court below.

On September 26, 1975, Shirley Reeping filed a complaint in equity against William Reeping, her husband, seeking, *inter alia*, a partition and sale of a dwelling held by the couple as tenants by the entireties. While the partition action was pending, the subject property was sold at sheriff's sale upon foreclosure of the mortgage. Subsequently, the court granted Shirley Reeping leave to amend her complaint and stayed distribution of the proceeds from the sheriff's sale. On August 30, 1978, Shirley Reeping filed an amended complaint alleging, *inter alia*, that the parties were divorced on March 30, 1978. On October 26, 1978, William Reeping answered the complaint, raising as new matter the allegation that his mother, Dorothy Reeping, had expended $4,000.00 to pay debts of Shirley and William Reeping and seeking reimbursement of Dorothy Reeping from the fund in question. A commissioner was appointed, and he held hearings on October 26, and November 8, 1978. William Reeping failed to appear at either hearing. The commissioner concluded that the fund should first be divided in half and that various adjustments should then be made to the

1. Shirley Reeping also contends that Dorothy Reeping was not entitled to the money awarded to her because she was a mere volunteer. Because of our disposition of the case, we need not reach this contention.

parties' respective shares. The commissioner ordered that $2,307.18 be deducted from each share and awarded to Dorothy Reeping. Despite exceptions to the decision by both parties, the lower court adopted the findings of the commissioner without opinion. Shirley Reeping appealed.[2]

Shirley Reeping contends that the lower court erred in granting William Reeping's request that a portion of the fund be awarded to a person not a party to the action. Rule 1031 of the Pennsylvania Rules of Civil Procedure provides that a defendant may set forth in his counterclaim "any cause of action or setoff which *he* has against the plaintiff at the time of filing of the answer . . . ." (emphasis added). "In accordance with the rule that mutuality is essential to a setoff or counterclaim, it is generally held that a defendant cannot use as a setoff a demand against the plaintiff in favor of or against a third person not a party to the action." 4 Standard Pennsylvania Practice 420–21 (revised ed. 1963). *See also Russ v. Sadler*, 197 Pa. 51, 58, 46 A. 903, 905 (1900). This rule cannot be avoided by mislabelling a counterclaim "new matter." *See Commonwealth, Department of Public Welfare v. Ludlow Clinical Laboratories, Inc.*, 22 Pa.Cmwlth. 614, 350 A.2d 208 (1976) (court ignored mislabelling of counterclaim).

In the case at bar, William Reeping attempted to assert the rights of Dorothy Reeping by way of new matter in his answer. Such action was improper. Despite the mislabelling of this claim as new matter, we will treat it as a counterclaim. Dorothy Reeping is a third person who merely testified for William Reeping at the commissioner's hearing. She is not a party to this action. Under Rule 1031, William Reeping could properly set forth by way of counterclaim only his own causes of action against Shirley Reeping. The claim that Dorothy Reeping was entitled to reimbursement was not William Reeping's cause of action. Conse-

2. William Reeping filed a cross appeal. He contends in his pro se brief that he was denied his constitutional "right" to a jury trial. This argument must fail, however, for "[t]here is no constitutional right to trial by jury in equity actions." 5 Goodrich Amram 2d § 1513:4 (1977).

quently, it was error for the lower court to adopt that portion of the commissioner's report awarding $4,614.35 to Dorothy Reeping. We therefore reverse the order of the lower court to the extent that it awards money to Dorothy Reeping and remand to the lower court for distribution of the fund.

Order reversed in part and case remanded for distribution in accordance with this opinion.

SPAETH, J., files a concurring opinion.

SPAETH, Judge, concurring:

Whether appellant's suit was governed by the principles in *Vento v. Vento,* 256 Pa.Super. 91, 389 A.2d 615 (1978), or by 68 P.S. §§ 501 *et seq.* (1965), *repealed in part by* the Judiciary Act Repealer Act, 42 Pa.C.S.A. § 20002(a) [1092] (1979 Pamphlet), the result is the same. Dorothy Reeping was not and could not be a party to appellant's partition suit. Furthermore, Dorothy Reeping was not entitled to the proceeds from the foreclosure sale of the parties' realty, for she failed to show that she had a lien on the proceeds. I therefore concur in the result reached by the majority.