## Artz, Appellant, *v.* Meister.

*Ejectment—Plaintiff's title—Strength of title.*
1. In an action of ejectment plaintiff must recover on the strength of his own title, and not on the weakness of defendant's.

*Ejectment—Resulting trust—Payment of purchase money—Title in defendant's name—Evidence—Clear, precise, and indubitable.*
2. In an action of ejectment where plaintiff claims he paid the purchase money for the land in question, and permitted the title to be taken in the name of defendant upon her promise to

convey to him on request, he must establish his resulting trust in the land by evidence that is clear, precise and indubitable.

3. Evidence that payments were made to defendant after she took title fails to constitute her a trustee.

4. A resulting trust can arise only from a fraudulent act by or through which title has been obtained, or by the payment of money to or for the alleged use-party for the purchase of the property at the time of the conveyance, and neither subsequent fraud nor subsequent payment is sufficient to raise a trust of this character.

Argued October 11, 1923. Appeal, No. 118, Oct. T., 1923, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1921, No. 1859, on verdict for defendant, in case of Phillip Artz v. Carrie F. Meister. Before MOSCHZIS-KER, C. J., FRAZER, WALLING, KEPHART and SADLER, JJ. Affirmed.

Ejectment for land in Pittsburgh. Before FORD, J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for defendant. Plaintiff appealed.

*Error assigned* was, inter alia, direction of verdict for plaintiff, quoting record.

*Frederic W. Miller*, with him *John S. Robb, Jr.*, for appellant.—The case was for the jury: Seichrist's App., 66 Pa. 237; Goodwin v. McMinn, 193 Pa. 646; Hatcher v. Hatcher, 264 Pa. 105; Madole v. Miller, 276 Pa. 131.

*H. D. Montgomery*, for appellee.—The evidence was insufficient to establish a resulting trust: Best v. Campbell, 62 Pa. 476; Silliman v. Haas, 151 Pa. 52; Kistler's App., 73 Pa. 393; McGinity v. McGinity, 63 Pa. 38; Way v. Hooten, 156 Pa. 8; Cochran v. Young, 104 Pa. 333; Braun v. Lutheran Church, 198 Pa. 152; McCloskey v. McCloskey, 205 Pa. 491.

OPINION BY MR. JUSTICE FRAZER, January 7, 1924:

Plaintiff's action in ejectment is to recover properties located in the City of Pittsburgh, which he claims de-

fendant holds in trust for him, he having paid the purchase money and permitted title to be taken in the name of defendant, at her suggestion, upon promise to convey to him on request. The trial judge instructed the jury to render a verdict for defendant on the ground that plaintiff failed to meet the burden of establishing a resulting trust by clear, precise and indubitable evidence.

Plaintiff owned and operated a hotel in Pittsburgh and in 1893 employed defendant as cook. She remained in his employ until 1899, at which time he placed her in charge of a small store owned by him. Subsequently, the business was sold and the purchase money given defendant. Later the various properties here in question, consisting of a lot on Lang Avenue, 13th Ward, Pittsburgh, and eight lots located in Brookline, a suburban section of that city, were purchased and deeds taken in her name. The agreements for purchase of the lots were made in 1905 and 1906, the consideration paid on the instalment plan and the last lot finally deeded to her in 1912. Dwellings were erected on four of the lots, financed in part by money defendant procured from building and loan associations and plaintiff claims to have furnished the remainder. All properties were purchased and contracts for improvements and erection of buildings made in defendant's name.

Plaintiff claimed he provided defendant from time to time with various sums of money as needed in the purchase of the lots and erection of buildings thereon, as well as for payment of taxes, insurance and other charges. It is admitted he furnished money at times; defendant, however, denies there was either promise or agreement on her part to convey the properties to him; on the contrary, she avers they were bought by her in her own name and paid for by her out of earnings from rents received from the properties and money borrowed as occasion required.

· Plaintiff's testimony as to the amounts and times of payments made by him was far from satisfactory. He

kept no books of account and produced no cancelled checks, receipts or memoranda of any kind. He was unable to furnish the date on which a single sum or amount was advanced to defendant or paid out by him for her on account of the properties. According to his testimony he made no memoranda of the amounts or dates of payment, merely handing money to defendant as needed, at such times as she informed him payments were required to be made. This, to say the least, was an unusual procedure for a man of business experience. Upon being asked why he permitted the title to be taken in defendant's name, stated he desired to keep the matter secret and surprise his family, or that he considered it a "side saving" he would have when needed for use.

The action being ejectment, the rule applies that plaintiff must recover on the strength of his own title and not on the weakness of defendant's: Adams v. Johnson, 227 Pa. 454. Having neither title nor possession, his claim is based solely on the ground that he paid the purchase money for the properties and that defendant agreed to hold them for his benefit. The burden was on him to show clearly the existence of that agreement: Silliman v. Haas, 151 Pa. 52. While it is conceded, as stated in the opinion of the court below, that plaintiff financially assisted defendant in the purchase of the properties and the erection of the buildings, it does not necessarily follow that the assistance was rendered under an agreement that she should hold title for his benefit. We have merely plaintiff's unsupported testimony for that. A resulting trust can arise only from a fraudulent act by or through which title has been obtained, or by the payment of money to or for the alleged use-party for the purchase of the property at the time of conveyance and neither subsequent fraud nor subsequent payment is sufficient to raise a trust of this character: McCloskey v. McCloskey, 205 Pa. 491; Justice v. Watkins et al., 276 Pa. 138. Consequently, payments made by plaintiff

after defendant took title failed to constitute the latter a trustee: Justice v. Watkins et al., supra. Plaintiff's evidence was too vague and uncertain to sustain a verdict in his favor and the court below properly withdrew it from the jury: McDonald v. McAndrew, 40 Pa. Superior Ct. 146.

Under this view of the case, discussion of the application of the statute of limitations becomes unnecessary.

The judgment is affirmed.