## McDonald et al., Appellants, *v.* McClarren.

*Trusts and trustees — Resulting trust — Agreement to purchase real estate—Parol agreement—Evidence.*

An alleged resulting trust will not be enforced against the record owner of real estate in favor of the estate of a decedent, where the evidence shows nothing but a parol agreement indefinite in terms by decedent to buy the real estate, and that amounts alleged to have been paid by him could not be determined from the evidence.

Argued March 17, 1924. Appeal, No. 44, Oct. T., 1924, by plaintiffs, from decree of C. P. Allegheny Co., July T., 1923, No. 512, dismissing bill in equity, in case of Minnie M. McDonald et al. v. Annie McClarren. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill to enforce resulting trust in real estate. Before MACFARLANE, J.

The opinion of the Supreme Court states the facts.

Bill dismissed. Plaintiffs appealed.

244  McDONALD et al., Appellants, v. McCLARREN.

*Error assigned* was, inter alia, decree, quoting record.

*John M. Henry,* with him *G. M. McDonald,* for appellants.

*R. B. Ivory,* for appellee.

PER CURIAM, April 14, 1924:

The heirs at law of M. W. McDonald, deceased, who died intestate, filed a bill in equity against Annie McClarren, the record owner in fee of certain real estate, alleging she held the property in trust for herself and plaintiffs, in proportions to be determined by an accounting. The deed to defendant was delivered in 1904; McDonald died in 1922; the bill was filed in 1923. No fraud in obtaining title was alleged or proved, and it was not shown that McDonald contributed toward the purchase money paid when the title was acquired, but plaintiffs claimed an oral agreement between McDonald and defendant that subsequent payments on account of the purchase should be met by the former and, eventually, a settlement was to be had between them when "deeds [were to be] made for the property in the proportions shown by the amount of money each of them put into [it]"; finally, that, in pursuance of this contract, McDonald made certain payments, but never received a deed for his proportion. It is not necessary to decide how far such an agreement could be enforced in this proceeding, on plaintiffs' theory that a breach thereof would constitute a fraud which would raise a trust ex maleficio; it is sufficient to say, no contract, in the sense of an agreement with specifically defined terms, was proved, nor  were the precise payments made by McDonald shown. The court below found, inter alia: "The amount paid by McDonald has not been determined and could not be from the evidence"; the evidence shows "nothing in the case but a parol agreement [on the part of McDonald] to buy in the future, and that agreement indefi-

nite as to terms"; as late as 1922, "McDonald asked defendant to take up the matter of settlement, made her an offer of $2,000, and asked for a deed, [which offer] was not accepted and nothing was done."  There are many other facts in the case, the recital of which would serve no useful purpose; on all those shown, the court below did not err in concluding that there was no resulting trust: Artz v. Meister, 278 Pa. 583.

The decree dismissing the bill is affirmed, costs to be paid by appellant.