## C. Fred Rau and Jean Paul Richter, Appellants, *v.* Torresdale-Frankford Country Club.

*Equity—Bill in equity for an accounting—Country club—Membership certificate—Right to participate in increased value of property.*

On the trial of a suit in equity for an accounting, if plaintiff fails to establish a resulting trust, or to prove any rights on the part of the plaintiff to such accounting, the bill should be dismissed.

A Country Club, which issues certificates of membership, signifying the payment of a certain sum by the holder of the certificate, does not become accountable for the increased value of the property of the corporation, in the absence of specific provisions in the certificate that the owner shall participate in such increased value.

Where there was no evidence that the corporation purchased the property as trustee for the certificate holders, there was nothing from which a resulting trust could be implied.

Argued October 21, 1925. Appeal No. 215, October T., 1925, by plaintiffs, from decree of C. P. No. 1, Philadelphia County, March T., 1924, No. 6827, in Equity, in the case of C. Fred Rau and Jean Paul Richter v. Torresdale-Frankford Country Club. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Bill in equity for an accounting. Before SHOEMAKER, P. J. Following are certain resolutions adopted by the members of the Frankford Country Club at a special meeting held October 25, 1920.

Other facts are stated in the opinion of the Superior Court.

"Resolved, that this club accept the option contained in our lease to purchase the property now occupied by the Club on the terms stated in our lease, provided that notice of the acceptance of said option be not given to the Lessors until such time as the Board of Governors may hereinafter determine, so that ample time may be had for raising the purchase money and the rights of the Club under the option be protected."

"Resolved, That each member be assessed $400 to be applied towards purchasing the property now occupied by the Club under the option contained in our lease; said assessment to be paid on or before April 1, 1921, and no members shall be allowed to use the golf course after April 1, 1921, unless and until he shall have paid his assessment in full."

"Resolved, That the proper officers of the Club create a mortgage upon the property to be purchased in such amount and upon such terms as the Board of Governors may determine, to secure sufficient money to pay the balance of the purchase price of the property as well to build a club house and make such improvements as the Board of Governors may determine."

"Resolved, That there be issued to each member paying his assessment of $400 a certificate substantially in the following form:

"No.                                   1921

This Certifies that the holder of this certificate or his predecessor has paid $400 towards the purchase and improvement of the property of the Frankford Country Club. This certificate is transferable only upon the holder ceasing to

be a member of the Club and by the written consent and approval of the Board of Governors, and does not entitle the transferee to membership until he has been duly elected in accordance with the By-Laws and upon such terms as the Board of Governors may from time to time determine.

Frankford Country Club.

. . ... .... . . . . .'. . . . . .

Treasurer.

Attest.

. . . . . . . . .'. . . . . . . . .'. .

Secretary

(Corporate Seal)"

---

"Resolved, That hereafter no person shall be elected a member unless he pays $400 to be applied towards the purchase or improvement of the Club property and thereby becomes the holder of a Certificate as aforesaid, or unless he becomes the holder of an outstanding certificate in accordance with the terms thereof, and is otherwise qualified for membership in accordance with the By-Laws and upon such terms as the Board of Governors may from time to time determine."

The Court dismissed the bill. Plaintiffs appealed.

*Error assigned,* among others, was the decree of the Court.

*B. D. Oliensis,* and with him *H. M. McCaughey,* for appellants.—Upon the dissolution of a corporation, a member or stockholder is entitled to recover the value of his share of the corporate assets, and is not bound to accept stock of or membership in, the new corpora-

tion as the equivalent thereof: Lauman v. The Lebanon Valley R. Co., 30 Pa. 42; Barnett v. Phila. Market Co., 218 Pa. 649; Petry v. Harwood Electric Co., 280 Pa. 142; Houston v. Jefferson College, 63 Pa. 428.

*Jos. R. Embery,* of *Embery, Outterson & Fuges,* for appellee.

OPINION BY LINN, J., February 26, 1926:

Appellants complain that their bill for the declaration of a trust and an account, was dismissed. The Frankford Country Club,—a corporation of the first class and without shares of stock,—was merged with the Torresdale Golf Club, (pursuant to sec. 12, act of April 17, 1876, P. L. 30, amending sec. 42 of the general corporation act of 1874, P. L. 73, 106), under the title "Torresdale-Frankford Country Club" by a decree entered April 8, 1922, by Court of Common Pleas No. 1, of Philadelphia. Until then, appellants were members of the Frankford Country Club, and one of them, C. Fred Rau, with other members, had filed a class bill to restrain the merger; by consent it was consolidated with and treated as an objection to the merger proceedings (cf. Titusville Oil Exchange, 2 Pa. Super. Ct. 508, and 8 Pa. Super. Ct. 304). No appeal was taken from the merger decree. About two years after the merger, appellants filed this bill—also a class bill—against the corporation formed by the merger, the Torresdale-Frankford Country Club, praying that it "be decreed trustee of [certain] real estate, for the exclusive use and benefit of the holders of [certain] certificates of ownership of said real estate, issued by the Frankford Country Club" and for an accounting "by defendant of the sale of said real estate and that the defendant be decreed to pay to complainants" what "shall appear to be due to" them.

They averred that the Frankford Country Club was

a corporation of the first class, maintaining a golf course held under lease, with an option in the club to purchase the property leased, and that pursuant to certain resolutions adopted by the corporation (which will be found in the reporter's statement of the case), each member contributing $400, received the following certificate: "This certifies that the holder of this certificate or his predecessor has paid $400 towards the purchase and improvement of the property of the Frankford Country Club. This certificate is transferable only upon the holder ceasing to be a member of the Club and by the written consent and approval of the Board of Governors, and does not entitle the transferee to membership until he has been duly elected in accordance with the By-Laws and upon such terms as the Board of Governors may from time to time determine."

Each of the appellants paid $400 in April 1921, and received such certificate. They averred that 112 members (apparently the entire membership) made such payment and received certificates; that the corporation exercised its option and, using the money so received, purchased the property subject to a purchase money mortgage of $40,000; that thereby the corporation became trustee of the real estate for the holders of the certificates. They averred that after the merger, the Torresdale-Frankford Country Club, the defendant, sold the property for a sum in excess of the purchase price; that complainants had declined to become members of the defendant corporation and accordingly were entitled to an accounting of the alleged trust so described in their bill.

Defendant denied the existence of any trust; averred that the purchase was made pursuant to the valuable option contained in the lease; that the amounts stated in the certificates were paid for the specified privilege of playing golf on the course, with the right, on ces-

sation of membership, to transfer the certificates to any newly accepted member, the possession of such certificate being a condition precedent to membership. Defendant also pleaded the merger proceeding.

The evidence established that the certificates were issued pursuant to corporate action; the merger took place; the leased property was purchased as defendant asserted; membership in the defendant corporation was much desired, and certificates owned by members desiring to withdraw were readily salable at par to persons wishing to join, and who were ineligible without having such certificates; complainants had declined such offers to sell at par. It was agreed that if plaintiffs were entitled to a decree, each was entitled to $600.

There was no evidence that the corporation purchased the property as trustee for the certificate holders, and there is nothing from which a resulting trust could be implied: Artz v. Meister, 278 Pa. 583, 586. Before the certificates were issued the corporation had an interest in the land of greater value than that of mere lessee; it had a valuable option; it exercised that option and bought the land; it held it not for the certificate holders alone, but for all corporate purposes; there was no agreement that it should be bought and sold for the benefit of certificate holders alone. The merger with the Torresdale Golf Club followed with all its legal implications, and that merger ended the existence of the Frankford Country Club: Petry v. Harwood Elec. Co., 280 Pa. 142, 146. Obligations of the constituent corporations of course became obligations of the new corporation but the certificates of the Frankford Country Club did not require the defendant to pay any sums of money to the holder of the certificate; no such obligation is imported by the phraseology; no interest in the property of the corporation is conferred by them; a holder has the rights

specified therein, subject to the conditions stated, nothing more. There is no evidence that appellants are denied any right stated in the certificate. No trust was proved. For various reasons, therefore, it is unnecessary to consider the argument made in this court, that appellants were seeking a declaration of the rights of complainants as members in a corporation of the first class dissenting from the merger; the case was not tried on that theory below, and neither the bill nor the evidence furnished support for the contention.

The decree is affirmed, costs to be paid by appellants.