Ratajski, Appellant, *v.* West Penn Manufacturing and Supply Corporation.

Argued April 11, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Abraham Fishkin,* for appellant.

*Howard J. Hazlett,* with him *Hazlett, Gannon, Walter & Jacobs,* for appellee.

OPINION BY FLOOD, J., June 13, 1962:

This is an action in equity to compel the defendant to remove a building which allegedly encroaches upon the plaintiff's land and upon a bordering street. The defendant claimed the land, including the bed of the alleged street, as its own and denied that the street was ever opened. No objection was taken to the form of action, and the parties agreed that it should be heard and determined by the court below without a jury. The court below dismissed the complaint.

As to the encroachment on her property, plaintiff merely offered her deed and testimony of a surveyor as to what that deed covered on the ground. She made no effort to show her chain of title or otherwise show that her grantor had title to or the right to convey the strip of property in question. As to this, her action sounds in ejectment and she must prevail on the strength of her own title to the disputed strip. *Miller v. Dierken,* 153 Pa. Superior Ct. 389, 33 A. 2d 804 (1943). She has failed to show even such prima facie title as would arise from proving a chain of title from

a common grantor. See *Dunn v. Milanovich,* 302 Pa. 184, 152 A. 757 (1930).

As to the encroachment on James Street, the court's finding that James Street was never opened, never accepted as a public street by action of the borough and never used generally by the public is supported by the record. See *Philadelphia Electric Co. v. Philadelphia,* 303 Pa. 422, 432, 154 A. 492, 496 (1931). The only effort to show acceptance by user on the part of the public was the vague testimony of the plaintiff herself. This was oral testimony based upon recollection and we cannot find error in the trial court's refusal to accept it as the clear and convincing evidence of use over a long period of time which is necessary to show acceptance by user. *Milford Borough v. Burnett,* 288 Pa. 434, 136 A. 669 (1927).

The lower court has found that the street is not now open on the ground and has never been opened. All the deeds in the defendant's chain of title, back to and including the deed from McAlpin, who filed the plan laying out James Street, included the bed of the projected street in the land conveyed. The court's finding that the street has never had any existence except on paper is justified.

The plaintiff's brief challenges only the chancellor's failure to accept the oral testimony of the plaintiff and her surveyor and his acceptance of the testimony of the defendant's surveyor. The chancellor's findings were based upon credible evidence and were approved by the court en banc. Under such circumstances, his determination as to credibility of the oral testimony is binding upon us. *Lower Merion Township v. Frankel,* 358 Pa. 430, 57 A. 2d 900 (1948).

Decree affirmed.