## Fried v. Sulewski

*John J. Aponick, Jr.*, for plaintiffs.
*Frank Townend*, for defendant.

TOOLE, *J.*, September 9, 1982—In this eject-ment proceeding the court is asked to determine the ownership of a parcel of land apparently created by the receding waters of Harvey's· Lake, Luzerne County, Pa. The complaint filed by A. David Fried and Goldie Swartzbarth, his wife, claims owner-ship and seeks to eject defendant, Mary Sulewski, who they claim is presently occupying their land without right. Mary Sulewski, on the other hand, claims ownership of the land in question by virtue of adverse possession, and further that her owner-ship rights were recognized and adjudicated by this court in a prior proceeding.

Plaintiffs and defendant are the record owners of adjoining lots at Harvey's Lake, Luzerne County, Pa. It would appear that the lake shore in the area of the parties' lots has receded approximately 195 ft.

between 1916 and 1981. For the reasons hereinafter stated, we are not inclined to enter an order of ejectment in this proceeding.

A review of some applicable legal principles would be beneficial in understanding our decision not to order ejectment in this proceeding. In an ejectment action, the issue to be tried is the right of possession: Valachos v. Witherow, 383 Pa. 174, 118 A. 2d 174 (1955). When that right of possession depends upon the disputed title to boundary line property, ejectment is generally regarded as a proper remedy: Buck et al. v. Brunner, 167 Pa. Super. 142, 74 A. 2d 528 (1950).

As a general rule, in order to recover in an ejectment action, plaintiff must show title at the commencement of the action and can recover, if at all, only on the strength of his own title, not because of the weakness or want of title in a defendant: Harbor Marine Co. v. Nolan, 244 Pa. Super. 102, 366 A. 2d 936 (1976); Ratajski v. West Penn Mfg. & Supply Corp., 198 Pa. Super. 588, 182 A. 2d 243 (1962). This rule places upon plaintiff the burden of proving a prima facie title, which proof is sufficient until a better title is shown in the adverse party; that is, proof of prima facie title in plaintiff shifts the burden of going forward with the evidence to defendant. However, until and unless plaintiff has made a prima facie case by showing title sufficient upon which to base a right of recovery, defendant is not required to offer evidence of his title. If plaintiff fails to establish proof with the required clarity of his title, he cannot recover however defective defendant's title may be: Babcock Lumber Co. v. Faust, 156 Pa. Super. 19, 39 A. 2d 298 (1944); Ratajski, supra.

It is also clear that to support an action in ejectment, the evidence must be sufficient to identify

the land in dispute and establish plaintiffs' right to possession thereof. When there is a controversy over a specific piece of land, the burden is upon plaintiff to identify the tract to which he claims title. The burden of identifying and locating the land clearly rests upon plaintiff: Beals v. Allison, 161 Pa. Super. 125, 54 A. 2d 84 (1947); Seitz v. Penna. R.R. Co., 272 Pa. 84, 116 A. 57 (1922); 25 Am. Jr. 2d, Ejectment, §113. In this regard, plaintiff has the burden of presenting definite and certain evidence of the boundary of the property in controversy. The boundary lines must be so identified that they can be located with accuracy by anyone. See Hakim v. Solomon Realty Co., Inc., 65 Luz. Leg. Reg. 202 (1975); Rodgers et al. v. Pittsburgh, Fort Wayne, and Chicago Railway Co. et al., 255 Pa. 462, 100 A. 271 (1917). Where plaintiff in an action in ejectment is unable to establish his boundary line by adequate legal proof, his action must fall and he is not entitled to relief: Parks v. Schaffer, 61 Lackawanna Jur. 149 (1959).

With these general legal principles in mind, we turn to the instant controversy. Plaintiff, Goldie Swartzbarth, and late husband, Israel Swartzbarth, purchased a parcel of land at Harvey's Lake in 1951. Mr. Swartzbarth died in 1965 and title to the purchased property vested in plaintiff, Goldie Swartzbarth, as the surviving tenant by the entireties. Goldie Swartzbarth married A. David Fried in 1969, but he holds no record title or interest in the aforementioned parcel. Mrs. Swartzbarth contends that by virtue of her acquisition of the lot in 1951, and so called "riparian rights," that she is the owner of the extended lake front parcel that lies between the property originally conveyed to her and the present lake front. On the basis of this claim,

she seeks to prevent defendant from the possession or use of the parcel.

Plaintiffs claim, as noted, riparian rights. Riparian rights have been broadly defined as the title which an owner of land, on the border of a stream or other navigable water, acquires to the additions made to his land by the imperceptible action of the water; the rights incidential to such title being called riparian rights: Freeland v. Pa. Railway Co., 197 Pa. 529, 47 A. 745 (1901); Ladner on Conveyancing in Pa., Accretion, §7.01.

The extent of a riparian owner's title to the newly formed land depends upon the navigability or non-navigability of the waterway on which his lands border: Ladner on Conveyancing in Pa., Accretion, §5.02. For land bordering on a navigable waterway, a riparian owner's absolute title in Pennsylvania extends only to the high water line, and the riparian owner has no rights as a landowner beyond the low water mark. Between the high and low water lines, his title to the soil is qualified, being subject to public rights of navigation and fishing and subject to improvement of the stream as a public highway. Title to the low water line remains in the Commonwealth for use of all citizens, as does the title to the bed of the navigable waterway: Shaffer v. Baylor's Lake Assoc., 392 Pa. 493, 141 A. 2d 583 (1958); City of Philadelphia v. Pa. Sugar Co., 348 Pa. 599, 36 A. 2d 653 (1944).

On the other hand, the owner of land on the shore of a non-navigable lake or pond takes title to the center of the body of water, or as commonly referred to as the bed of the waterway: Lakeside Park Co. v. Forsmark, 396 Pa. 389, 153 A. 2d 486 (1959); Loughran v. Matylewicz, 367 Pa. 593, 81 A. 2d 879 (1951).

In this case, the parcel in controversy was

created some time between the creation of a spill-way to the original dam of Harvey's Lake in the summer of 1916 and the day of hearing. During that period, the lake receded uncovering approximately 190 to 195 feet of land which is the parcel now in question.

The subject parcel is clearly the product or result of the process of either accretion (the increase of riparian land by gradual deposit, by water, of solid material) or reliction (the increase of riparian land made by the withdrawal of the waters by which it was previously covered). Whether the land in dispute was formed by accretion or reliction is a question of fact usually for a jury: Houseman v. International Nav. Co., 214 Pa. 552, 64 A. 379 (1906). Persons seeking to establish title by accretion or reliction to land in possession of another have the burden of showing the accretion or reliction by which they claim title: Schafer v. Schnabel, 494 P. 2d 802 Alaska (1972); Wright v. Counsel Bluffs, 130 Iowa 274, 104 N.W. 492 (1905).

An initial question arises in the court's mind whether plaintiffs are riparian owners or have any riparian rights. The record discloses that plaintiffs may have conveyed all of their property on the lake side of the highway to the Municipal Authority of Harvey's Lake.[1] If, by this conveyance, plaintiffs divested themselves of all their property interests between the highway and the lake, then plaintiffs may not be the owners of any riparian rights. The deeds involved do not give any clear answer to this issue and we are reluctant to conclude from the exhibits introduced that any land or rights were retained by plaintiffs.

1. Deed Book 1135, p. 582.

There is also a question whether the doctrine of accretion or reliction is applicable to the facts of this case. First, one of the essential requisites of an alluvial formation of deposit in order to secure title thereto is evidence that the addition was made gradually and imperceptibly. We will presume, on the basis of the evidence, that the change in the water line has in fact occurred by accretion or reliction rather than ablution or erosion, and that the burden of proof, as to this element, has been satisfied. Even assuming the gradualness and imperceptibility of the process does not resolve the issue. It would appear from this record that plaintiffs' land is separated, as noted, from the lake by the intervening property of the Harvey's Lake Municipal Authority. If this is so, then plaintiffs may have no claim in this case to the subject parcel on the basis accretion or reliction. As a fundamental or general rule in the law of accretions, the land to which they attach must be bounded by the water to entitle its owner to such increase. The law of accretion depends upon actual contiguity. There cannot be any separation of plaintiffs' interest. See 78 Am. Jur. 2d Waters, §408, p. 853. Thus, it has been held that the owner of a lot bounded on one side by a street which is located along a river, is not entitled as a riparian owner to accretions formed on the opposite side of the street.[2] In this case the only property that clearly appears to remain in plaintiffs is that located on the opposite side of the highway. As previously noted, the lake shore side or parcel of their lot appears to have been conveyed to the Municipal Authority.

Even assuming plaintiffs have riparian rights, and that their deed to the Municipal Authority did

2. See 78 Am. Jur. 2d, §408, footnote 15.

not convey the entire lake shore premises, we would still deny the relief requested in the complaint. As noted, it is the burden of plantiffs to establish the boundaries of the land or parcel in question. To meet the burden in this case, plaintiffs called a surveyor. We are unable to accept the surveying method employed by plaintiffs' witness or his conclusions or opinions concerning the boundary of the parcel in question. We are truly in doubt as to the soundness of the surveying method employed by him because, in our opinion, it lacks the definiteness and precision essential in actions of this nature. The description of the premises offered by the witness is dependant not on the surveying method, but on the person making the survey and his opinion of necessary center points. The witness, on more than one occasion, testified that the method employed by him in this case was subject to constant change and, in effect, the points used by him would not necessarily be the points used by another surveyor. The court recognizes the difficulties involved in surveying a lake of this size and shape. However, we cannot accept as sufficiently precise and definite a description which may not be agreed to by all other or indeed any other surveyor. As a fact finder, the court is free to reject expert testimony as vacillating and imprecise. In this case we are unable to accept the offered expert evidence as sufficiently precise or reliable. Indeed, considering the geography of the lake, the triangulation method employed in this case may not be the proper method of making such a division. See Schiefert v. Briegel, 90 Minn. 125, 96 N.W. 44 (1903).

Our decision in this case is not to be taken as a finding or denial of any ownership interest in plaintiffs to the land in question. It should be clear

that we deny relief solely on the basis that plaintiffs have not established their title with the required clarity. It may well be that they are in fact and in law the owners of the parcel involved, and should be entitled to its exclusive possession and use. Unfortunately, if they are, we are unable to support that finding or conclusion on the basis of the testimony presented. We conclude, therefore, that the evidence offered is insufficient to enable this court to properly delineate the boundaries of the lake front parcel to which plaintiffs claim the right of possession. Under those circumstances, we are unable to order the requested ejectment.

Our finding that plaintiffs have failed to establish a prima facie case does not speak to the validity of any title or claim asserted by defendant to the lake front parcel involved, Indeed, we feel impelled to make some observations with regard to defendant's contentions concerning the subject parcel. As previously noted, defendant claims title by adverse possession and also contends that this title was recognized by this court in proceedings involving an adjoining landowner. With regard to any prior proceedings before the court, we previously informed counsel and reaffirm our position that those proceedings did not involve the parcel of property involved in this proceeding, nor the parties involved in this proceeding. This court is not bound by any findings which another Judge may have made in any case involving different parties and different land. The court, in deciding one case, need not, as we have been requested, take judicial notice of what appears from its own records in another and distinct case even if the action is between the same parties. See Com. ex rel. Ferguson v. Ball et al., 277 Pa. 301, 121 A. 191 (1923); Hall v. Hall, 122 Pa. Super. 242, 186 A. 318 (1936).

We would also opine that the instant record fails to support defendant's claim of adverse possession of the subject lot. First, the deed offered by the defense to establish adverse title not only establishes no such title, but it affords no factual or legal basis for tacking. The deed, in our opinion, is nothing more than a self serving document which, because it is recorded, may give notice of a claim of adverse possession but it certainly fails to establish any right of adverse possession. Since the deed cannot be used as a basis for tacking, then the evidence presented is insufficient to establish the existence of the basic elements of adverse possession for the statutory period necessary to support such a claim.

One further matter requires resolution. During the presentation of evidence, the court reserved ruling on an objection made by defense counsel to the competency of certain testimony offered by plaintiff, A. David Fried. The court simply notes at this time that it has determined that the testimony of plaintiff, A. David Fried, relating to statements made by decedent, Mr. Joseph Sulewski, would be prohibited under the "Dead Man's Act."[3] Accordingly, the objection on which the court reserved ruling is hereby sustained and that testimony is stricken and has been disregarded.

It would appear from the evidence presented in this case that the land in and about Harvey's Lake may be the subject of private ownership and, as such, should be subject to appropriate real estate appraisement and tax by the municipalities in

---

3. 42 Pa.C.S.A. §5930, 1976, July 9, P.L. 586, §2, as amended.

which it is situated, as well as Luzerne County. A copy of this decision will therefore be forwarded to the Luzerne County Assessors for their consideration, investigation and whatever legal action they deem appropriate. If they conclude that the lake is privately owned and taxable, then it should proceed to determine the appropriate tax assessment.

In the meantime, this court simply notes that this is another one of those cases which can best be resolved by amicable agreement of the parties. Neither party to this proceeding has, as far as this court is concerned, any clearly defined or established rights in the subject parcel. Under these circumstances, we again suggest and recommend to all the parties concerned that they attempt, by agreement, to delineate the boundaries of their respective lake front properties. It is our sincere hope that the parties will make every effort to resolve this difficult property dispute so that everyone can fully enjoy the recreational facilities as good neighbors can and should.

Accordingly, we enter the following

## DECISION

It is ordered and directed that plaintiffs' complaint in ejectment is dismissed.

It is further ordered and directed that the prothonotary shall notify all parties or their attorneys of the date of filing of this decision. The parties shall have the right to file exceptions, as provided in Pa.R.C.P. 1038, and if no exceptions have been timely filed, the prothonotary shall, on praecipe, enter final judgment on the decision.