J-A12012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| STRATEGIC REALTY FUND, LLC, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN DOE, KEVIN MALONEY, LORI MALONEY, DONNA L. MARTINAK AND TENANT/OCCUPANT, | |
| Appellants | No. 1168 WDA 2018 |

Appeal from the Judgment Entered September 19, 2018
In the Court of Common Pleas of Fayette County
Civil Division at No(s):  850 of 2011 G.D.

| STRATEGIC REALTY FUND, LLC, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN DOE, KEVIN MALONEY, LORI MALONEY, DONNA L. MARTINAK AND TENANT/OCCUPANT, | |
| Appellants | No. 1169 WDA 2018 |

Appeal from the Judgment Entered September 19, 2018
In the Court of Common Pleas of Fayette County
Civil Division at No(s):  850 of 2011 G.D.

BEFORE:  BENDER, P.J.E., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED OCTOBER 17, 2019**

Appellants, John Doe, Kevin Maloney, Lori Maloney, Donna L. Martinak and Tenant/Occupant, appeal from the September 19, 2018 judgment entered in favor of Appellee, Strategic Realty Fund, LLC ("Strategic"), after a non-jury trial on Strategic's complaint in ejectment.[1, 2] We vacate and remand for further proceedings.

The relevant facts and procedural history of this case were summarized by the trial court as follows:

> The case began when a complaint in ejectment was filed by ClearVue Opportunity XVII, LLC [("ClearVue")] to obtain possession of property identified as Fayette County parcel number 41-20-43. The Fayette County Sheriff sold the property, by virtue of a writ of execution issued to satisfy a judgment in mortgage foreclosure entered against [Appellants], Kevin P. Maloney and Lori [Maloney]. A sheriff's deed to U.S. Bank National Association [("U.S. Bank")] was thereafter recorded. Subsequently, Pledge Property II, LLC [("Pledge Property")], purchased the parcel from

---

[1] This Court *sua sponte* consolidated the appeals at Nos. 1168 WDA 2018 and 1169 WDA 2018 by *per curiam* order entered on September 11, 2018.

[2] Appellants purport to appeal from the July 18, 2018 orders finding in favor of Strategic on its complaint in ejectment and denying Appellants' post-trial motion to dismiss the complaint. However, "an appeal to this Court can only lie from judgments entered subsequent to the trial court's disposition of any post-verdict motions, not from the order denying post-trial motions." *Johnston the Florist, Inc. v. TEDCO Const. Corp.*, 657 A.2d 511, 514 (Pa. Super. 1995). *See also* Pa.R.A.P. 301(a), (c), and (d). Although Appellants erroneously appealed from an order denying post-trial relief, the record reflects that judgment was subsequently entered on September 19, 2018. Thus, the instant appeal is properly before this Court. *See* Pa.R.A.P. 905(a)(5) (stating notice of appeal filed after court's determination but before entry of appealable order/judgment shall be treated as filed after entry of appealable order/judgment and on date of entry). We have adjusted the caption accordingly.

- 2 -

U[.]S[.] Bank … and a deed detailing this sale was filed on [] July [17,] 2008.  On [] February [18,] 2011, a deed was filed detailing the purchase of the parcel [by] ClearVue….  During the pendency of this action, the parcel was sold to the successor [Appellee], Strategic….[3]

[Strategic] presented testimony from [Terrance] E. McMillen, Jr., a licensed land surveyor, that he had, in the course of preparing to survey the land, reviewed the metes and bounds in deeds beginning with the Gosnell 1962 survey and compared the metes and bounds description to subsequent deeds and he testified that the descriptions were consistent.  The sheriff's deed description of the parcel had the same metes and bounds description as did the deeds issued to [U.S. Bank], [Pledge Property], [ClearVue], and [Strategic].

The persons in possession of the parcel are Kevin Maloney, Lori Maloney, and Donna L. Martinak.[4]  [Appellants] reside in a residence that is located on the property at issue herein, parcel 41-20-43, and that also encroaches on two other parcels of property, 41-20-41 and 41-20-45[,] owned by Donna L. Martinak.

Trial Court Opinion ("TCO"), 10/12/18, at 1-2 (unpaginated) (unnecessary capitalization omitted).

A non-jury trial was held on Strategic's ejectment complaint on April 12, 2018 and May 23, 2018.  Pending the verdict from the court, Appellants filed a motion to dismiss the complaint in ejectment on July 9, 2018.  After considering the evidence presented and arguments made at the non-jury trial, the court entered an order on July 18, 2018, finding in favor of Strategic and against Appellants.  On the same date, the court also issued a separate order denying Appellants' motion to dismiss.

---

[3] Strategic filed an amended complaint in ejectment on May 3, 2018.

[4] Donna L. Martinak is the mother of Lori Maloney.

On July 30, 2018, Appellants filed a timely post-trial motion, in which they requested that the trial court vacate its findings in favor of Strategic. Appellants further sought a new trial based on issues not presented pre-trial or at trial. After hearing oral argument on the motion, the trial court denied Appellants' request for relief.

On August 17, 2018, Appellants filed timely notices of appeal, followed by timely, court-ordered Pa.R.A.P. 1925(b) concise statements of errors complained of on appeal. Appellants now present the following issues for our review:

1. Did the trial court err and/or abuse [its] discretion in dismissing … Appellant[s'] motion to dismiss the ejectment action and their post-trial motions, which requested striking off the mortgage foreclosure judgment as void for lack of personal jurisdiction where the lack of notice caused harm to the non-residing co-owners of the real property, where the jurisdiction defects were evidenced by [Strategic's] trial exhibits and by documents available on the public record at the Prothonotary and the Register of Wills?

2. Did the trial court err and abuse [its] discretion or fail[] to find competent evidence in concluding that (1) [Strategic] is owner by recorded deed where [Strategic's] trial evidence had a gap in title which would have disclosed the void or voidable foreclosure judgment, (2) [Appellants'] post-trial submission of newly discovered evidence about partial ownership held by co-owners other than [Strategic] was not material, although tending to prove lack of notice for an underlying foreclosure judgment and tending to prove that only a partial security interest in the parcel underlay the foreclosure, (3) [Strategic] is entitled to immediate or exclusive possession but without finding a right to both elements concurrently in any order or opinion, and where the public record shows title to the parcel is partially held by third party co-owners who are not co-[Appellants], and who allow [Appellants] to continue in possession, (4) [Strategic] is the owner by recorded deed

- 4 -

where [Strategic's] trial evidence did not trace title to a common owner with [Appellants][?]

3. When the trial record was kept open by the trial court for late submission of evidence, did the trial court err in finding waiver of the issue of fractional ownership by [Appellants], and did the trial court abuse discretion by failing to consider [Appellants'] post-trial submission of late-discovered ownership evidence from a subpoenaed witness who did not appear at trial, which evidence pointed to the public record and would, if introduced, rebut [Strategic's] claim of right to immediate, exclusive possession, by showing that a fractional but not complete interest in the parcel had served as the security interest for the underlying mortgage foreclosure action, the subsequent 2008 sheriff['s] sale, and successive conveyances of ownership to [Strategic] in ejectment[?]

4. When the foreclosing bank had filed a lender's title insurance claim with its insurer spanning 2002 to 2010 regarding encroachment of the house beyond the single foreclosed parcel onto two adjacent parcels owned by [Donna L. Martinak,] a non-mortgagor who is the mother of a mortgagor[, Lori Maloney], and where [Donna L. Martinak] had sold her fractional interest in the litigated parcel to [Lori Maloney] in 2001, but [Donna L. Martinak] was never notified or made party to the subsequent foreclosure action in 2002 and sheriff sale of 2008, is [Donna L. Martinak] constructively ejected without due process of law from her two parcels by the trial court's order ejecting [Appellants] from [Strategic's] parcel when [Donna L. Martinak] will not be able to live in the portion of the house that rests on her two parcels?

Appellants' Brief at 3-5 (unnecessary capitalization omitted).

Preliminarily, we note that:

Our standard of review in equity matters is limited to determining whether the trial court committed an error of law or an abuse of discretion. The scope of review of a final decree in equity is limited and will not be disturbed unless it is unsupported by the evidence or demonstrably capricious.

*Coldren v. Peterman*, 763 A.2d 905, 907-08 (Pa. Super. 2000). Moreover, we note that an appellate court is bound by the trial court's findings of fact in

an appeal stemming from a non-jury trial, unless those findings are not based on competent evidence. ***L.B. Foster Co. v. Charles Caracciolo Steel & Metal Yard, Inc.***, 777 A.2d 1090, 1092 (Pa. Super. 2001).

> It is not the role of an appellate court to pass on the credibility of witnesses or to act as the trier of fact. In a non-jury trial, the factfinder is free to believe all, part, or none of the evidence, and the Superior Court will not disturb the trial court's credibility determinations. Nonetheless, the trial court's conclusions of law are not binding on an appellate court. This is so because it is the appellate court's duty to determine whether the trial court correctly applied the law to the facts.

***Id.*** at 1092-93.

It is well-established that "the only issue in an ejectment action is the right of possession arising from title or ownership…." ***Billig v. Skvaria***, 853 A.2d 1042, 1050 (Pa. Super. 2004) (quoting ***Vlachos v. Witherow***, 118 A.2d 174, 179 (Pa. 1955)). The court is not concerned with "the right of defendants to the use of either the land in dispute or any of the buildings erected on that portion of the land. Should that right of use … be interfered with by plaintiffs, defendants have a legal remedy to protect their rights thereto." ***Id.***

> The plaintiffs' burden in an action in ejectment at law is clear: they must establish the right to immediate exclusive possession. ***See***, ***e.g.***[,] ***Hallman v. Turns***, 334 Pa. Super. 184, 482 A.2d 1284, 1287 (1984); ***Harbor Marine Co. v. Nolan***, 244 Pa. Super. 102, 366 A.2d 936 (1976). Recovery can be had only on the strength of their own title, not the weakness of defendant's title. ***See Artz v. Meister***, 278 Pa. 583, 123 A. 501 (1924); ***Ratajski v. West Penn Manufacturing & Supply Corp.***, 198 Pa. Super. 588, 182 A.2d 243 (1962). The crux of an ejectment action, therefore, rests with the plaintiffs' ability to identify, by a preponderance of the evidence, … the boundaries of a parcel of land to which they are out of possession but for which they maintain paramount title.

*Doman v. Brogan*, 592 A.2d 104, 108 (Pa. Super. 1991).

To begin, we address Appellants' first three claims together, as they are closely related. The crux of these arguments is a theory of fractional ownership interest regarding parcel 41-20-43. More specifically, Appellants allege that Lori Maloney only owned 5/6 of the parcel and that 1/6 of the parcel was inherited by "other family members." *See* Appellants' Brief at 6, 10-11.[5] Thus, Appellants conclude that U.S. Bank merely held a fractional security interest in the mortgaged premises at the time it initiated the underlying foreclosure action, because Lori Maloney could only have mortgaged a 5/6 interest in the parcel.

Appellants further assert that U.S. Bank failed to name all of the real owners of the property as defendants in the underlying foreclosure action. *See id.* at 5-6 (citing Pa.R.C.P. 1144).[6] Lori Maloney and her husband, Kevin Maloney, were the only named defendants in the complaint in mortgage foreclosure. Kevin was not a title owner, but co-signed the mortgage. Appellants argue that the failure to name the alleged co-owners in its complaint constitutes a fatal defect, which renders the foreclosure judgment

_____

[5] Appellants aver that the other "fractional owners related by blood and marriage" to Lori and Kevin Maloney, inherited 1/6 of the parcel in 1980 as devisees under the probated will of William Waddington. *Id.* Appellants trace William Waddington's ownership interest in the parcel back to a 1962 deed. *See* Appellants' Motion to Dismiss, 7/9/18, at 4 ¶23.

[6] Pursuant to Pennsylvania Rule of Civil Procedure 1144, the plaintiff in a mortgage foreclosure action shall name the mortgagor, as well as the real owner(s) of the property, as defendants. *See* Pa.R.C.P. 1411(a)(1), (3).

void *ab initio* for lack of personal and subject matter jurisdiction, and renders the resulting sheriff's sale void.

As we have previously noted:

[A]n attack on a sheriff's sale usually cannot be made in a collateral proceeding. ***Caplan v. Kent***, 366 Pa. 87, 76 A.2d 764 (1950). An ejectment action is a proceeding collateral to that under which the land was sold. ***Mencke v. Rosenberg***, 202 Pa. 131, 51 A. 767, 769 (1902). Thus, where it is claimed that the underlying default judgment is merely voidable, that claim will not be entertained because such a judgment can not be reached collaterally. ***Roberts v. Gibson***, 214 Pa. Super. 220, 251 A.2d 799 (1969). However, in an ejectment action it may be alleged that the judgment is void. A void decree can be attacked at any time. ***Brokans v. Melnick***, 391 Pa. Super. 21, 569 A.2d 1373, 1376 (1989). Where a judgment is void, the sheriff's sale which follows is a nullity. A judgment is void when the court had no jurisdiction over the parties, or the subject matter, or the court had no power or authority to render the particular judgment. ***Id.*** A judgment which is void can not support an ejectment action and may be asserted as a defense in the ejectment proceeding. ***Id. See also Kaib v. Smith***, 454 Pa. Super. 67, 684 A.2d 630 (1996) (where in an ejectment proceeding the court considered whether the trial court erred in refusing to set aside a sheriff's sale, but ruled that the complaining party, a tenant, failed to establish proper cause to warrant setting aside the sale) and ***Meritor Mortgage Corp. v. Henderson***, 421 Pa. Super. 339, 617 A.2d 1323 (1992) (ruling that the failure to make adequate service in a foreclosure action could be raised in the action of ejectment because a void judgment can be attacked at any time).

***Dime Sav. Bank, FSB v. Greene***, 813 A.2d 893, 895 (Pa. Super. 2002).

Instantly, Appellants base their claim that the sale was void *ab initio* on the contention that the Fayette County Sheriff lacked authority to proceed with the sale for failure to name indispensable parties, *i.e.*, the 1/6 fractional owners, as defendants in the underlying foreclosure action. This argument was first raised by Appellants in their post-trial motion, in which they provided

a detailed account of the alleged 1/6 ownership interests in parcel 41-20-43. *See* Appellants' Post-Trial Motion, 7/30/18, at 3-5.   The trial court failed to make a factual determination regarding the validity of the newly discovered evidence presented by Appellants, and as to whether there are, in deed, additional co-owners of the parcel.  Rather, the court found all of Appellants' issues based on the possibility of fractional ownership "waived for failure to present the information pre-trial or during trial."  *See* TCO at 3 (citing Pa.R.C.P. 227.1 (providing that post-trial relief may not be granted unless the grounds were raised in pre-trial proceedings or by motion, objection, points for charge, or other appropriate method at trial)).  We deem the trial court's finding of waiver of these issues to be a clear error of law.

If it is true that there are additional co-owners of the subject parcel, then these co-owners are indispensable parties.[7]  We have consistently held that "property owners are indispensable parties in lawsuits concerning the owners' property rights." *Sabella v. Appelachian Development Corp.*, 103 A.3d 83, 90 (Pa. Super. 2014) (quoting *Hart v. O'Malley*, 647 A.2d 542, 549 (Pa. Super. 1994)).  The failure to join an indispensable party cannot be waived.  "The absence of an indispensable party goes absolutely to the court's jurisdiction.  If an indispensable party is not joined, a court is without

---

[7] "An indispensable party is one whose rights or interests are so pervasively connected with the claims of the litigants that no relief can be granted without infringing on those rights or interests." *Jacob v. Shlutz-Jacob*, 923 A.2d 473, 480 (Pa. Super. 2007).

jurisdiction to decide the matter. The absence of an indispensable party renders any order or decree of the court null and void." ***Id.***

Moreover, it is clear that "[i]f adequate notice of the foreclosure action was not given, the court lacked jurisdiction to enter judgment. It is never too late to attack a judgment for want of jurisdiction of either the subject matter or the person…." ***Meritor Mortgage Corp.-East v. Henderson***, 617 A.2d 1323, 1326 (Pa. Super. 1992) (internal quotation marks and citation omitted). This is a practical result, as "it would be unreasonable to require a party to challenge notice in an action for which it was never served notice, and, consequently, of which it was unaware." ***Federal Nat. Mortg. Ass'n v. Citiano***, 834 A.2d 645, 649 (Pa. Super. 2003). Based on the foregoing, we vacate the July 18, 2018 orders and remand this matter for the trial court to make a factual finding regarding the failure to name indispensable parties and whether the trial court lacked jurisdiction in the foreclosure action.

In their final claim, Appellants argue that the ejectment action constructively ejects Donna L. Martinak from the portion of the house that is on the two parcels of property that she owns (parcel nos. 41-20-41 and 41-20-45). Because the validity of the underlying foreclosure action and sheriff's deed will depend on the trial court's finding regarding whether there are additional owners of the parcel, we decline to address the merits of this claim at this time. Should the trial court find that the sheriff's sale was valid and re-enter the judgment in favor of Strategic, Appellants may raise this issue again in any subsequent appeal.

Accordingly, we vacate the September 19, 2018 judgments in favor of Strategic and remand for further proceedings consistent with this memorandum.

Judgments vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2019